**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4761**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYANT ELLIOTT DAVIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-03-412-WDQ)

———————

Submitted:  March 16, 2005          Decided:  March 29, 2005

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Gary W. Christopher, First Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.  Allen F. Loucks, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following the denial of his motion to suppress a firearm as evidence, Bryant Davis pled guilty in the United States District Court for the District of Maryland to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (2000). As a condition to his guilty plea, Davis reserved the right to appeal the denial of his motion to suppress. Davis now appeals, contending that the district court erred in finding reasonable, articulable suspicion existed to justify an investigative stop prompted by the tip of a face-to-face informant who had not previously served as an informant and had just been arrested for drug dealing. We find no merit to Davis's contention; consequently, we affirm his conviction.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Under Terry v. Ohio, 392 U.S. 1 (1968), an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable

suspicion that criminal activity is afoot.  <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000).  To conduct a <u>Terry</u> stop, there must be at least a minimal level of objective justification for making the stop.  <u>Id.</u>  Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation.  <u>Id.</u>; <u>see also</u> <u>United States v. Hensley</u>, 469 U.S. 221, 232 (1985).  In evaluating police conduct in a <u>Terry</u> stop, courts must consider the totality of the circumstances, <u>see</u> <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989), including all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect.  <u>United States v. Crittendon</u>, 883 F.2d 326, 328 (4th Cir. 1989).  Reasonable suspicion may be supported by second-hand information, such as a tip, <u>see</u> <u>Adams v. Williams</u>, 407 U.S. 143, 146 (1972), provided the tip possesses sufficient indicia of reliability.  <u>Florida v. J.L.</u>, 529 U.S. 266, 269-70 (2000).

Considering the totality of the circumstances, the officers' suspicion of criminal activity was both reasonable and articulable.  The informant associated himself with Davis; his tip sufficiently described Davis's vehicle and located it within a "high-crime area"; and the informant's just-infiltrated act of drug dealing, as the district court found, provided the informant strong incentive to supply accurate information.  Davis attempts to place Jones, who was otherwise unknown to the officers aside from the

arrest, in a disfavored class of informants, but the classification misses the mark. "Where the informant is known or where the informant relays information to an officer face-to-face, an officer can judge the credibility of the tipster firsthand and thus confirm whether the tip is sufficiently reliable to support reasonable suspicion." United States v. Perkins, 363 F.3d 317, 323 (4th Cir. 2004) (citations omitted) (contrasting with an anonymous tip, which "must be accompanied by some corroborative elements that establish the tip's reliability").

Consequently, viewing the evidence in the light most favorable to the Government, the district court did not err in finding that the Terry stop was valid and in denying Davis's motion to suppress the firearm.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED